UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MICHAEL CRAY,<br><br>    Plaintiff,<br><br>    v.<br><br>C. LOPEZ, et al.,<br><br>    Defendants. | Case No. 22-cv-01517-SVK<br><br>**ORDER OF SERVICE** |

Plaintiff, a California state prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983.[1] Dkt. No. 1 ("Complaint"). Plaintiff is granted leave to proceed *in forma pauperis* in a separate order.

For the reasons that follow, the Court orders service on defendants.

**DISCUSSION**

A.  Legal Standard

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *See West v.*

---

[1] Plaintiff has consented to magistrate judge jurisdiction. Dkt. No. 4.

*Atkins*, 487 U.S. 42, 48 (1988).

B.      Legal Claims

Plaintiff alleges that Correctional Officers C. Lopez, J. Carmona, N. Reveles, R. Gaines, and J. Ramirez ("defendants") used excessive force against him while conducting a search of his cell. Specifically, he alleges that defendants sprayed him with "pepper-spray," tripped him, and punched and kicked him repeatedly while he was on the ground. He alleges that he was not resisting and, after being sprayed, blinded while defendants applied this force. He further alleges that he was knocked out when his head hit the floor, chipped his teeth, and his face had scratches, abrasions, and swelling. Liberally construed, plaintiff states cognizable claims against defendants for violating his Eighth Amendment rights.

**CONCLUSION**

1. Defendants Correctional Officers C. Lopez, J. Carmona, N. Reveles, R. Gaines, and J. Ramirez shall be served at Salinas Valley State Prison.

Service shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the Complaint, this Order, a CDCR Report of E-Service Waiver form, and a summons. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies

of this order, the summons, and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. The defendants **shall** file an answer in accordance with the Federal Rules of Civil Procedure.

3. No later than **eighty-four (84) days** from the date this order is filed, defendants shall file **one comprehensive motion for summary judgment or other dispositive motion** with respect to the cognizable claims in the complaint. At that time, defendants shall also submit the magistrate judge jurisdiction consent form. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.**

4. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

5. Defendants shall file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

6. All communications by plaintiff with the court must be served on defendants, or defendants' counsel, by mailing a true copy of the document to defendants or defendants' counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

Plaintiff is reminded that state prisoners inmates may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.  Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the court.

8. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He also must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 13, 2022

_____
SUSAN VAN KEULEN
United States Magistrate Judge

4